J-S46008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                :           PENNSYLVANIA
                :
          v.           :
                :
                :
JABRI HARRIS            :
                :
         Appellant    :   No. 1563 EDA 2017

Appeal from the Judgment of Sentence April 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001186-2016

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

JUDGMENT ORDER BY BOWES, J.:         **FILED JULY 30, 2018**

Jabri Harris appeals from the judgment of sentence imposed following his convictions of carrying a firearm without a license and carrying a firearm on the streets of Philadelphia.  We vacate Appellant's judgment of sentence, reverse his convictions, and remand for further proceedings.

Following a vehicle stop, police searched the rental vehicle that Appellant was driving and found a firearm therein.  Appellant moved to suppress the firearm.  The trial court conducted a suppression hearing, and thereafter denied suppression on the basis that Appellant failed to demonstrate a privacy interest in the rental vehicle because he presented no evidence that he had rented it.  Appellant's counsel filed a motion for reconsideration and to open the suppression record to admit evidence proving that Appellant had, in fact, rented the vehicle, explaining that counsel had misapprehended the controlling legal standard and did not appreciate that the

evidence was necessary. The trial court denied the motion, and subsequently convicted Appellant of the above firearms offenses.[1]

On appeal, the trial court and the parties are in agreement that the matter should be remanded to reopen the suppression record to permit the introduction of evidence that Appellant rented the vehicle. Although the trial court couches its determination in terms of the reasonableness of Appellant's request to reopen the suppression record, we are mindful that, under Pennsylvania law, if Appellant can establish that he rented the vehicle, he enjoys a legitimate expectation of privacy in the rental vehicle sufficient to allow him to challenge the validity of the search. *See Commonwealth v. Caban*, 60 A.3d 120, 130 (Pa.Super. 2012). For this reason, we vacate Appellant's judgment of sentence, reverse his convictions, and remand to permit the trial court to reopen the suppression record.

Judgment of sentence vacated, convictions reversed, case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/18

---

[1] At trial, Appellant presented testimony and records establishing that he had rented the vehicle in question, and that his girlfriend was the owner of the firearm found in that vehicle by police.